UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

CECILIA CASTANEDA,
     Plaintiff,

v.                                  Cause No. 3:24-cv-00190

STATE OF TEXAS - TEXAS TECH UNIVERSITY HEALTH
SCIENCES CENTER EL PASO,
     Defendants.

## PLAINTIFF'S ORIGINAL COMPLAINT WITH JURY DEMAND

TO THE HONORABLE COURT:

Plaintiff, Cecilia Castaneda ("Employee Castaneda" or "Plaintiff"), now complains of Defendant, Texas Tech University Health Sciences Center El Paso ("Defendants" or "Employer TTUHSC), and respectfully shows the Court and jury as follows:

### I. PARTIES.

1. Plaintiff Cecilia Castaneda is a natural person residing in El Paso, Texas.

2. Defendant, State of Texas - Texas Tech University Health Sciences Center El Paso, is a Texas state higher education institution, and may be served with process by serving Defendant's president, Richard Lange, at TTUHSC El Paso, Office of the President, 5001 El Paso Drive, El Paso, Texas 79905, or wherever he may be found.

### II. JURISDICTION.

3. Jurisdiction is proper in this Honorable Court based on federal question jurisdiction.

### III. FACTS OF THE CASE.

4. Employers MUST prevent sexual harassment and sex discrimination at work to protect employees from financial losses and emotional trauma due to job loss.

5. Employers MUST never retaliate against employees who complain of or oppose sexual harassment and sex discrimination in the workplace to protect employees from financial losses and emotional trauma.

6. State of Texas - Texas Tech University Health Sciences Center El Paso is an employer.

7. Employer TTUHSC MUST prevent sexual harassment and sex discrimination at work to protect employees from financial losses and emotional trauma due to job loss.

8. Employer TTUHSC MUST never retaliate against employees who complain of or oppose sexual harassment and sex discrimination in the workplace to protect employees from financial losses and emotional trauma.

9. On April 13, 2013, Employer TTUHSC hires an Employee to work in TTUHSC's surgery clinic as a medical assistant.

10. On April 2020, Employer TTUHSC Senior Administrator Terry Balderrama, a manager in the Employee's direct line of supervision, is aware that the Employee has a "mommy makeover" surgery performed for body sculpting at TTUHSC.

11. On April 2020, Employer TTUHSC Senior Administrator Terry Balderrama begins making sexual comments about the Employee's body's appearance, and specifically the Employee's buttocks. Senior Administrator Balderrama's comments are offensive and embarrassing to the Employee.

12. Senior Administrator Terry Balderrama's comments continue through 2022.

13. On April 2022, Employer TTUHSC Senior Administrator Terry Balderrama accompanies her sister for an appointment in Employer TTUHSC's clinic.

14. That same day, Senior Administrator Balderrama sexually harasses the Employee when she comments in front of everyone "look at Ceci's bottom", in reference to the Employee's

buttocks. Senior Administrator Balderrama's comment offends and terribly shames the Employee.

15. While Employer's TTUHSC Senior Administrator Terry Balderrama has her own cosmetic appointments, she continues to make sexually harassing comments about the Employee's body, and tells the Employee to turn around for her to see the Employee's behind, the Employee's buttocks.

16. On December 21, 2022, Employer TTUHSC Senior Administrator Terry Balderrama goes to TTUHSC's clinic, with her own family, for a cosmetic consultation.

17. While the Employee is helping the doctor, and the doctor has his back to Balderrama, Senior Administrator Balderrama sexually assaults the Employee by grabbing the Employee's buttocks in a sexual manner causing the Employee great embarrassment, shame, and pain.

18. For the next two months, the Employees tries to keep the Employee's distance from Senior Administrator Balderrama.

19. On February 21, 2023, Employer TTUHSC Senior Administrator Rene Vallejo receives the Employee's sexual harassment complaint regarding Senior Administrator Terry Balderrama.

20. Between February 21 and 28, 2023, Employer TTUHSC Human Resources Vice President Jennifer Erickson receives notice of the Employee's sexual harassment complaint from Senior Administrator Vallejo.

21. On February 28, 2023, Employer TTUHSC Human Resources Vice President Jennifer Erickson instructs the Employee to file another written sexual harassment complaint.

22. That same day, February 28, 2023, Employer TTUHSC Human Resources Vice President Jennifer Erickson receives the Employee's second written sexual harassment complaint regarding Senior Administrator Terry Balderrama.

23. On March 2023, Employer TTUHSC Director of Nursing Leticia Cano, who is Senior Administrator Terry Balderrama's right hand, tells the Employee that TTUHSC will relocate the Employee to another clinic.

24. On April 10, 2023, Employer TTUHSC Human Resources Vice President Jennifer Erickson receives the Employee's email requesting to speak with her regarding the Employee's concerns that the Employee's sexual harassment complaint had been ignored or dropped and that TTUHSC was moving the Employee to another clinic in retaliation for the Employee's sexual harassment complaints.

25. That same day, April 10, 2023, Human Resources Vice President Erickson receives the Employee's voicemail requesting she call the Employee back, but Vice President Erickson never responds.

26. Also that same day, April 10, 2023, Employer TTUHSC Human Resources Managing Director David Bergeon receives the Employee's email regarding the Employee's concerns that the Employee's sexual harassment complaint had been ignored or dropped and that TTUHSC was moving the Employee to another clinic in retaliation for the Employee's sexual harassment complaints.

27. On April 14, 2023, Employer TTUHSC Human Resources Vice President Jennifer Erickson tells the Employee that TTUHSC will immediately transfer the Employee to another clinic, and the Employee is not to go back to the surgery clinic under any circumstances.

28. On May 18, 2023, Employer TTUHSC tells the Employee to attend a Human Resources meeting that day.

29. At the meeting, Employer TTUHSC Human Resources Managing Director David Bergeon and Institutional Compliance Officer Andrew Conkovich terminate the Employee's

employment, without providing any explanation or reason as to why TTUHSC is terminating the Employee. They do not allow the Employee to pick up the Employee's personal items or the Employee's purse.

30. Employer TTUHSC Human Resources Managing Director David Bergeon and Institutional Compliance Officer Andrew Conkovich terminate the Employee's ex-sister-in-law and aunt to her children, Alejandra Castaneda, at the same time, without providing her any explanation as to why TTUHSC was terminating her.

31. After the Employee's termination, Employer TTUHSC President Dr. Richard Lange receives the Employee's email stating that the Employee was terminated without being provided an explanation, and that the termination was in retaliation and punishment for reporting and complaining about sexual harassment. President Lange never responds to the Employee's email.

32. That Employee is Cecilia Castaneda.

## IV. CAUSES OF ACTION.

### Sex Discrimination and Retaliation

33. Defendant discriminated against, harassed, and retaliated against Plaintiff in violation of Title VII, which protects employees from sex discrimination, sexual harassment, and retaliation. Defendant's retaliation against Plaintiff includes the termination of Plaintiff's ex-sister-in-law, *see, e.g., Thompson v. N. Am. Stainless*, 562 U.S. 170, 173-175 (2011) (holding that Title VII supports retaliation claims based on the protected activity of a close family member.), because retaliation against family members "well might...dissuade [] a reasonable worker from making or supporting a charge of discrimination", *Burlington N. & Santa Fe Ry. Co. u. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir.

2006), internal quotation marks omitted); *see also Thompson*, 562 U.S. at 174 ("We think it obvious that a reasonable worker might be dissuaded from engaging in protected activity if she knew that her fiance would be fired.").

34. All conditions precedent to the filing of this action have occurred or have been fulfilled.

## V. NOTICE OF RIGHT TO FILE A CIVIL ACTION.

35. Attached as Exhibit A is the EEOC Right to Sue for Plaintiff.

## VI. DAMAGES.

36. As a direct and proximate result of Defendant's discrimination, retaliation, and conduct against Plaintiff, as described above, Plaintiff has suffered harms and losses. Plaintiff's harms and losses include, in the past and the future: lost wages and benefits; employment opportunities; lost income; loss of earning capacity; mental anguish; emotional pain and suffering; inconvenience; loss of enjoyment of life; and other non-pecuniary losses.

## VII. EXEMPLARY DAMAGES.

37. Plaintiff is entitled to recover punitive damages under Title VII.

## VIII. JURY DEMAND.

38. Plaintiff requests that this case be decided by a jury as allowed by Federal Rule of Civil Procedure 38.

## IX. ATTORNEYS' FEES AND COSTS.

39. Plaintiff is entitled to recover reasonable and necessary attorney's fees and costs under 42 U.S.C. § 2000e-5(k), including any applicable expert fees.

## X. COURT COSTS.

40. Plaintiff is entitled to recover Plaintiff's court costs.

## XI. PRAYER.

Plaintiff prays that Defendant be cited to appear and answer and that Plaintiff have judgment against Defendant for the following: statutory damages, and actual damages, including but not limited to, past and future lost earnings, mental anguish and inconvenience, emotional pain and suffering, loss of enjoyment of life, bodily injury, pain and suffering, economic damages and benefits in the past and future, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, attorney fees and expert fees, court costs and all costs of suit and such other and further relief to which Plaintiff may show himself to be justly entitled, in law and in equity.

SIGNED on June 3, 2024.

Respectfully submitted,

**Chavez Law Firm**
2101 N. Stanton Street
El Paso, Texas 79902
(915) 351-7772

By:    _____

Enrique Chavez, Jr., State Bar No. 24001873
enriquechavezjr@chavezlawpc.com
Michael R. Anderson, State Bar No. 24087103
manderson@chavezlawpc.com
Michael M. Osterberg, State Bar No. 24108991
mikeosterberg@chavezlawpc.com
*Attorneys for Plaintiff*